1 Notice of Waiver to Attorney

'05 JUL -7 PM 4: 11

TOLEDO OHIO

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DENNIS VERHOFF<br>7643 Westwood Drive<br>Findlay, Ohio 45840, | : | Case No. 3:05CV7277<br>JUDGE JUDGE JAMES G. CARR |
| Plaintiff, | : | MAGISTRATE JUDGE |
| v. | : | |
| TIME WARNER CABLE, INC.<br>c/o Statutory Agent,<br>C T Corporation System<br>1300 East 9th Street<br>Cleveland, Ohio 44114 | : | **Jury Demand Endorsed Hereon** |
| Defendant. | : | |

## COMPLAINT

**I.      Jurisdiction and Venue**

1.     This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. and 28 U.S.C. § 1343(4). The Jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibit discrimination against employees because of their disability.

2. Venue lies in this forum because plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio and performed his job duties there and Defendant is doing and has done substantial business in the Northern District of Ohio.

## II. Parties

3. Plaintiff Dennis Verhoff ("Mr. Verhoff" or "plaintiff") was a full time employee of defendant from February 21, 2000 until July 19, 2004. Mr. Verhoff was variously a resident of Putnam and Hancock Counties during the time he worked for defendant, and is presently a resident of Hancock County.

4. Defendant Time Warner Cable, Inc. ("Time Warner" or "defendant") is a Delaware Corporation employed Mr. Verhoff at its place of business in Hancock County, Ohio and has at all times material to this complaint engaged in substantial amounts of business in Hancock County, Ohio and the Northern District of Ohio. Defendant is an employer within the meaning of the Americans with Disabilities Act, and employs more than 25 employees.

## III. Facts

5. Mr. Verhoff was employed at Time Warner Cable at their Findlay, Ohio location doing installations and personal computer support from February 21, 2000 until July 19, 2004.

6. For the last 18 years, Mr. Verhoff has suffered chronically from severe eczema, a skin disease for which there is no cure. The disease often causes irritated and broken skin, which in turn leads to bleeding and sometimes infection. Mr. Verhoff's eczema is so severe that it has at times warranted a regimen of chemotherapy.

7. Mr. Verhoff's severe eczema condition has substantially interfered and continues to substantially interfere with certain of his major life activities.

8.   During the time Mr. Verhoff worked at Time Warner, Time Warner accommodated his eczema by giving him an all cotton uniform which did not irritate his skin as much as the regular uniform, and by letting him use sick time to visit his doctor for treatment of my eczema condition at the Cleveland Clinic.

9.   During the time that Mr. Verhoff worked for defendant, Defendant had no policy, written or otherwise, which required employees doing the type of work that Mr. Verhoff did to work overtime hours.

10.   During the time that Mr. Verhoff worked at Time Warner, overtime was available to employees doing the type of work that Mr. Verhoff did during certain periods, and not available during others.

11.   During the fall of 2002, Mr. Verhoff's doctor limited him to working 40 hours per week due to his eczema.

12.   During 2003, Mr. Verhoff rarely worked over 40 hours per week. Defendant accommodated Mr. Verhoff's need to leave after an 8 hour day and co-workers would pick up any overtime shifts he was assigned.

13.   In late 2003, James Gerhard became the new General Manager for Mr. Verhoff's area. In early 2004, Mr. Verhoff began reporting to a new supervisor, Kevin Young.

14.   In early 2004, a new overtime policy began in which all overtime had to be approved by a supervisor and must be detailed on an overtime log.

15.   In early 2004, Mr. Verhoff began to feel that management was becoming hostile towards him due to his overtime restrictions.

16. In March of 2004, Mr. Verhoff again obtained a note from his doctor limiting him to 40 hours per week to prevent systemic infection. He provided a copy of this note to defendant.

17. In late April of 2004, Mr. Verhoff was questioned by Mr. Gerhard concerning the March 2004 doctor's note. Mr. Gerhard told Mr. Verhoff that working overtime was in his job description. Mr. Verhoff then asked Mr. Gerhard for a copy of his job description. Mr. Gerhard then told Mr. Verhoff that he was being placed on paid leave until management decided what to do, and sent him home. Because Mr. Verhoff had come to work in a company van, Mr. Gerhard had another employee drive Mr. Verhoff home.

18. On April 23, 2004, Mr. Verhoff spoke to Mr. Gerhard and was told that he needed to get a full release from his doctor or Time Warner could no longer employ him. Once again, Mr. Verhoff asked for a copy of his job description.

19. On April 26, 2004 Mr. Verhoff applied for three months of leave under the Family and Medical Leave Act. His request was certified by his physician and was granted by defendant.

20. On July 2, 2004, Mr. Verhoff sent a letter to defendant's head of Human Resources requesting that they review the situation and accommodate his disability when he returned to work.

21. On July 19, 2004, Mr. Verhoff attempted to return to work and was told that he would not be accommodated and was sent home. When he got home, Mr. Verhoff faxed a letter to Human Resources asking them to reconsider. This request was denied.

22. On July 24, 2004, Mr. Verhoff again faxed a letter to Human Resources stating that he felt he had the right to be reasonably accommodated.

23. In response to his July 24th letter, Mr. Verhoff was encouraged by Human Resources to apply for two open positions, both of which would represent a demotion.

24. In late July of 2004, Mr. Verhoff interviewed for both of the positions.

25. On July 30, 2004, Mr. Verhoff was offered one of the positions on the condition that he get a complete release with no work restrictions from his doctor. Because Mr. Verhoff could not obtain a release with no work restrictions, he was unable to accept the position.

26. When Mr. Verhoff told defendant that he was unable to accept the position due to this requirement, he was told that his employment was terminated.

27. Also on July 30, 2004, defendant faxed a letter to Mr. Verhoff informing him that his employment was terminated effective July 19, 2004.

28. At the time he was terminated, Mr. Verhoff could have done his job with the reasonable accommodation of allowing him to work within his medical restrictions.

29. The plaintiff has exhausted all administrative remedies in order to bring this action. He filed a charge of disability discrimination with the Equal Employment Opportunity Commission on November 29, 2004. The Commission issued the plaintiff a right to sue letter on April 8, 2005. A copy of the right to sue letter is attached to this complaint.

30. The Defendant has violated the Americans with Disabilities Act of 1990 by refusing to reasonably accommodate the plaintiff and by instead terminating his employment.

## FIRST CAUSE OF ACTION – ADA

31. Paragraph nos. 1 through 30 above are realleged herein as if fully rewritten.

32. Defendants's acts and omissions described herein violated the ADA, 42 U.S.C. 12101, *et seq. and as amended*, entitling plaintiff to the remedies contained therein.

## SECOND CAUSE OF ACTION – R.C. CHAPTER 4112

33.  Paragraphs nos. 1 through 32 above are realleged herein as if fully rewritten.

34.  At all times materials herein, defendant acted in conscious or reckless disregard for the rights of Mr. Verhoff, with the great probability of causing substantial harm, and defendant's conduct did cause substantial harm to Mr. Verhoff.

35.  Defendant's acts and omissions described herein violated O.R.C. Chapter 4112, entitling plaintiff to the remedies available pursuant to R.C. §4112.99.

WHEREFORE, plaintiff respectfully requests that he be awarded reinstatement, backpay and benefits, front pay and benefits, pre-judgment interest, post-judgment interest, compensatory damages, punitive damages, reasonable attorney's fees and the costs of this action.

Respectfully submitted,

Edward R. Forman (0076651) (*eforman@ee.net*)
Trial Attorney for Plaintiff
John S. Marshall (0015160) (*marshall@ee.net*)
Co-Counsel for Plaintiff
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

Edward R. Forman

B0827SAN

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Dennis Verhoff
7643 Westwood Drive
Findlay, Ohio 45840

From: U. S. Equal Employment
Opportunity Commission
550 Main Street, Suite 10-019
Cincinnati, Ohio 45202

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 220-2005-00339 | Legal Unit Duty Officer | (216) 522-7445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Wilma Javey*
Wilma L. Javey, Area Director

4/8/2005
*(Date Mailed)*

Enclosure(s)

cc: Gregory S. Drake
Senior Counsel, Legal Dept.
Time Warner Cable
959 South Coast Drive
Costa Mesa, CA 92626