IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Verhoff,                                                            Case No. 3:05CV7277

          Plaintiff

  v.                                                                                ORDER

Time Warner Cable, Inc.,

          Defendant

This is an employment discrimination case in which the plaintiff, whose original complaint alleges disability discrimination, has filed a motion for leave to amend to add claims under the Family Medical Leave Act.

Defendant opposes the motion on the grounds that it has been filed after the deadline for filing amended pleadings. That is true, but the motion was filed less than a month after that deadline, the date of which was less than a month after the initial case management conference.

Defendant argues that plaintiff has to show good cause, and meet a heightened standard, before post-deadline leave to amend should be granted. Whether that is so or not, I believe that plaintiff has met those requirements.

Plaintiff seeks leave to amend to add additional claims because the basis for such claims first became apparent to his attorney after initial discovery. Plaintiff acted with diligence in reviewing that discovery and deciding to seek leave to amend. Whether lack of prejudice to the defendant must be shown [another issue as to which I express no opinion], I can perceive no prejudice at this early stage of the case, if an amendment is allowed, accruing to the defendant.

Finally – and what matters most to me – is that the plaintiff has proceeded in an entirely appropriate sequence. Rather than filing a scatter-shot complaint at the outset, and then going to the expense and trouble, and putting the defendant to the expense and trouble of finding out if there was any merit to one or more of the claims, plaintiff first filed only those claims in which he appears to have had confidence at the time of filing. Then, once he learned new information, he sought leave to add additional claims.

This is how the process is supposed to work. To tell the plaintiff that, because he missed by a month a deadline that, by hindsight, appears to have been unnecessarily abrupt, would encourage scatter-shot complaints.

In light of the foregoing, it is

ORDERED THAT leave be and the same hereby is granted to the plaintiff to file his amended complaint.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge