IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Verhoff,                                        Case No. 3:05CV7277

                        Plaintiff

        v.                                             ORDER

Time Warner Cable, Inc.,

                        Defendant

        This is a case under the Family & Medical Leave Act in which, pursuant to prior order

awarding attorneys' fees to the plaintiff's counsel, his attorneys have submitted a statement of fees

incurred in responding to defendant's unwarranted motion for reconsideration. Defendant has filed

a response, and plaintiff has filed a reply.

        For the reasons that follow, judgment shall be entered in favor of the plaintiff and against

the defendant for the fees unnecessarily incurred by plaintiff's counsel in the amount of $6,668.

Leave shall also be granted to plaintiff to file a supplemental fee request for the fees incurred in this

ancillary fee-related litigation.

        Defendant's principal challenges to the amount of the fee requested [and being awarded

herein] are that fifty percent of the claimed hours should be stricken and the hourly rates of

plaintiff's attorneys are excessive, especially when compared to the Toledo-area legal market.

        I find neither contention well taken.

        First, a bit of background: the motion to reconsider, the lack of merit to which led to the

award of attorneys' fees against defendant, was prompted by defendant's failure to apprehend that

plaintiff had been awarded social security benefits for a period following his termination by the defendant.

As I have previously found, notice of the receipt of "disability" was in materials provided to defendant's attorney well before he claimed that such information first came to his attention. According to defendant's attorney, he first learned about that fact when it was mentioned during a pretrial conference. That occurred several months after plaintiff's counsel had responded in the negative to an interrogatory asking for information about plaintiff's receipt of any benefits.

Plaintiff's counsel promptly and forthrightly admitted his mistake, which he attributed to oversight. I found and find no bad faith on his part.

In any event, reference to plaintiff's possible or apparent receipt of "disability" was in records that had been provided well before the pretrial conference.

After that disclosure, defendant filed the motion to reconsider. Defendant's attorney then filed two additional versions of such motion without leave to file either. The motion[s] to reconsider, in addition to alleging untimely disclosure of plaintiff's receipt of social security benefits, included *ad hominem* attacks on plaintiff's attorneys.

The motion to reconsider, in other words, was not your garden variety motion claiming that the court had erred in one way or another; it was, rather, from both a procedural and substantive standpoint unnecessarily encumbered, making it difficult to discern just what was at issue under the motion. That plaintiff's counsel expended substantially more time in responding to the confusion than might have been required to respond to a more conventional, and conventionally pled motion to reconsider is entirely understandable.[1]

---

[1]

My strong abhorrence to motions for reconsideration has been expressed in published opinions. *See,*

To justify its demand for a flat fifty percent reduction in the hours, the defendant repeats its objection about the alleged nondisclosure of the receipt of disability benefits. As I have before, I find that objection unpersuasive.

Had defendant's counsel scrutinized what was provided to him discovery – despite the oversight on the part of plaintiff's counsel – he would have been aware of the distinct possibility that plaintiff was receiving some sort of "disability" and inquired further. If, in light of that inquiry, plaintiff's attorneys had failed to correct their prior error, the story and its outcome would have been different.

I have, in any event, independently reviewed the statement of hours. I find that the time expended was reasonable. This was especially so in view of the unfortunate [and unwarranted] personal nature of many of the allegations contained in the motion to reconsider. The accusations of misconduct, bad faith, etc., in the motion[s] brought more discredit on the defendant's attorney than on those about whom he was making those allegations. But the fact that they were there could not be ignored, and refuting them no doubt increased the time needed by plaintiff's counsel to respond to the motion.

---

*e.g.*, *Andersons, Inc. v. Consol, Inc.*, 208 F.Supp.2d 847 (N.D. Ohio 2002). Defendant's attorney was clearly aware of the risk he was taking that he would provoke an award of fees in plaintiff's favor if his motion did not prevail.

Under normal circumstances, to cut short sideshow litigation such as this concerning fee awards, I usually include an award of fees for $2,000 in an order denying a motion to reconsider. I make clear, though, that if the party that filed and lost the motion thinks that amount is unreasonable, it can demand [and will get] and accounting from prevailing counsel and review by me. Most often, no such challenge is made – which, of course, is, in part, the purpose for setting that figure, which I estimate usually corresponds roughly to what would have been generated in hours and fees in responding to the run of the mill reconsideration motion. This case does not, as noted, involve a typical reconsideration motion or circumstance.

3

Defendant also complains vigorously about the hourly rates charged by plaintiff's attorneys, who include a well-known and well-regarded civil rights and employment lawyer with a state-wide reputation and practice who has practiced in that area for more than twenty years, and his associate of about five years' experience in the same field. Both are resident and practice principally in Columbus, not Toledo.

In most cases where a plaintiff has obtained counsel from outside Toledo, I award fees at the Toledo rate, which no doubt is somewhat less that the Columbus rate for lawyers of equivalent stature, competence, and experience. I do so because a local litigant who goes elsewhere to find counsel has elected to assume the risk that it may cost more to have someone from out of town than if more nearby counsel had been obtained.

In this case, however, I shall award the Columbus rate [which I find to be commensurate with the hourly rate being sought here]. I do so principally because the plaintiff, a resident of Marion, obtained counsel in a community closer to his home than Toledo.[2] So, unlike a Toledo resident who goes elsewhere for counsel, plaintiff in this case stayed reasonably close to home. He should, therefore, be entitled to have his lawyer compensated at the same rate that the lawyer would otherwise earn practicing in Columbus.

Defendant also makes a couple of trivial objections to a couple of the time charges that appeared duplicative. Plaintiff's counsel has adequately explained those charges.

### Conclusion

In light of the foregoing, it is hereby

ORDERED THAT:

---

[2]

Marion is about 100 miles from Toledo and about fifty miles from Columbus.

4

1. Judgment be, and the same hereby is entered in favor of the plaintiff and against the defendant in the amount of $6,668 for attorneys' fees pursuant to this and prior order; and

2. Leave be, and hereby is granted to plaintiff to submit a supplemental statement of fees incurred as a result of the additional filings required to obtain this judgment per prior order.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge