IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Verhoff,                                        3:05CV7277

       Plaintiff,

v.                                                      ORDER

Time Warner Cable, Inc.,

       Defendant.

This is a suit in which plaintiff was granted summary judgment as to liability on his claim for interference with his rights under the Family and Medical Leave Act [FMLA], 29 U.S.C. §2601 et seq. because defendant refused to provide a reduced work schedule. Pending is plaintiff's motion for liquidated damages and defendant's motion for reconsideration of two prior rulings.

### Discussion

### 1. Liquidated Damages

Employers who interfere with an employee's FMLA rights incur liquidated damages under 29 U.S.C. §2617(a)(1). The court, however, may waive liquidated damages if it finds that the interference was in good faith and that the employer "had reasonable grounds for believing" that it was not violating the FMLA. *Id*.

As noted in a previous order of this court, Time Warner interfered with plaintiff's FMLA rights when it denied a request, via a doctor's note, for a reduced work schedule. [Doc. No. 52]. Verhoff's presentation of that note was a clear expression of that request. Defendant's argument that

it confused Verhoff's note as a request for accommodation under the ADA does not constitute a "reasonable" ground for believing that it was not interfering with Verhoff's rights under the FMLA. While employers are certainly affected by a host of laws and regulations that must be upheld under statute, it is certainly no excuse that the legal framework for employers is too complex or confusing. Time Warner will therefore be subject to the liquidated damages provided by 29 U.S.C. §2617(a)(1).

## 2. Motion for Reconsideration

### A. Motion in Limine re Plaintiff's Application for and Receipt of SSDI Benefits

Based primarily on fear of confusing the issues, I previously granted plaintiff's motion in limine to bar evidence relating to Verhoff's application for and receipt of SSDI benefits. [Doc. Nos. 70, 105]. Defendant seeks reconsideration of that ruling.

On further consideration of the Supreme Court's decision in *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 807 (1999), I hereby retract the portion of my ruling granting plaintiff's motion in limine, and instead deny the motion in limine.

Although there is no logical contradiction between requesting a reduced work schedule under the FMLA and claiming disability on an SSDI application, a jury could potentially benefit from an explanation of how the two statements may or may not peacefully coexist in this case. *See id*. Since the evidence is pertinent, I conclude that its probative value is not "substantially outweighed by the danger of . . . confusion of the issues . . . ." Fed. R. Evid. 403.

### B. Plaintiff's Back Pay

In a March 23, 2007 ruling, I held that "any back pay damages awarded to the plaintiff shall not be offset by the SSDI benefits received by plaintiff." Citing *Cleveland*, defendant challenges this ruling, arguing that back pay damages should be offset by the SSDI benefits received by plaintiff.

That case, however, did not deal with collateral source issues, but rather discussed whether receipt of SSDI benefits automatically precludes a recipient from pursuing an ADA claim. 526 U.S. at 797-98.

While not precisely on point with regard to offsetting back pay, the main thrust of defendant's argument is that the statements made by plaintiff in applying for SSDI benefits are incompatible with his claim for FMLA interference. That issue should have been raised and briefed prior to summary judgment, but defendant failed to do so.

Moreover, there is no inherent incompatibility between the two claims. Defendant focuses on the concept of "accommodation." The Court in *Cleveland* held that an ADA claim and receipt of SSDI benefits could be pursued simultaneously because an application for SSDI benefits did not take into account the ability of an employer to accommodate disabled employees. As a result, it is legitimate to say "I am still able to work" (albeit with accommodation) for one's ADA claim and, at the same time, "I am too disabled to work" for SSDI benefits.

Whether one calls it "accommodation" or not, the requirement for employers to provide a reduced work schedule to qualified employees under the FMLA also has the effect of making a claim for FMLA interference potentially compatible with an application for SSDI benefits. Defendant's motion will therefore be denied with respect to the collateral source issue.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT

Defendant's motion to waive liquidated damages, [Doc. No. 77], be, and the same is hereby denied.

Defendant's motion for reconsideration, [Doc. No. 110], be, and the same is hereby granted with respect to plaintiff's motion in limine regarding SSDI benefits and denied with respect to the collateral source issue.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
