IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Veroff,                                              Case No. 3:05CV7277

          Plaintiff

v.                                                          ORDER

Time Warner Cable, Inc.,

          Defendant

This is a suit under the Family and Medical Leave Act [FMLA], 29 U.S.C. § 2601 *et. seq.*, in which judgment as to liability has been entered in favor of the plaintiff and against the defendant. Trial as to damages for the period during which the plaintiff was unemployed as a result of his wrongful termination in violation of the FMLA will begin on June 19, 2007.

Pending are several motions in limine. What follows is my ruling on those motions that presently are decisional or otherwise are ripe for decision.

Plaintiff's motion in limine to preclude evidence of plaintiff's resignation [Doc. 118] and defendant's motions in limine to preclude plaintiff from using documents produced on May 25, 2007 [Doc. 119] and to exclude mention of and evidence regarding plaintiff's yet to be filed harassment lawsuit [Doc. 121].

The defendant agreed to permit the plaintiff to return to work. At some point thereafter, plaintiff stopped working for the defendant. His departure was due, apparently, and according to statements by his counsel in various pleadings relating to the pending motions in limine, to harassment and retaliation.

I express no views with regard to those allegations or their merit. Whatever happened after the plaintiff returned to defendant's employ has no relevance with regard to whether he is entitled to damages for the period between his termination in violation of the FMLA and when he returned to work. That is, in effect, a "closed period," and events during that period are all that matter.

Thus, the plaintiff's motion to preclude evidence about his resignation [Doc. 118] and the defendant's motions to preclude documents about his complaints to the defendant about retaliation after he returned to work [Doc. 119] and his potential harassment suit [Doc. 120] are mutually well-taken, and will be granted.[1]

To the extent, however, that the defendant seeks in Doc. 119 [relating to exclusion of documents] to exclude documents relating to plaintiff's job searches during the period between termination and reinstatement, those documents shall be admissible if, and only if defendant challenges the truthfulness of plaintiff's testimony about those searches. For now, those materials [which are outside the scope of any prior request by the defendant] are merely cumulative, and they need not be introduced, once plaintiff has testified that he contacted those and other prospective employers.

If, though, defendant claims that plaintiff did not make those or other contacts, plaintiff may offer those documents to meet that contention, even though they have only recently been produced.

Defendant's motion in limine to preclude plaintiff from mentioning or offering evidence regarding defendant's offering him a temporary exception to the standby overtime requirement [Doc.

---

[1]

If, however, the defendant raises events subsequent to the period between termination and reinstatement [which I assume it will not], then why plaintiff left might become relevant. If that door is opened, that bridge will be crossed, to mix a couple of cliches.

120]. This motion looks backward towards an issue that already has been decided: namely. whether

defendant's refusal to grant intermittent FMLA leave violated that statute. I have found that it did,

and thus any reference to or evidence about the circumstances underlying that ruling is not relevant.

Any effort by either party to revisit that issue, or raise the equally irrelevant issue of whether the

Americans With Disabilities Act, 42 U.S.C.A. 12101 *et seq.*, has or has not been violated, would be

improper and will not be allowed. Defendant's motion shall, accordingly, be granted.

For the foregoing reasons, it is, therefore,

ORDERED THAT:

1. Plaintiff's motion to preclude evidence about his resignation [Doc. 118] be, and the same

hereby is granted;

2. Defendant's motion to preclude documents about plaintiff's complaints to the defendant

about retaliation after he returned to work [Doc. 119], be, and the same hereby is granted in

part and denied in part; and

3. Defendant's motions to exclude evidence about plaintiff's potential harassment suit [Doc.

120] and to preclude plaintiff from mentioning or offering evidence regarding defendant's

offering him a temporary exception to the standby overtime requirement [Doc. 120] be, and

the same hereby are granted, without prejudice.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge