IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Verhoff,                                                   Case No. 3:05CV7277

            Plaintiff

      v.                                                       ORDER

Time Warner Cable, Inc.,

            Defendant

This is an employment discrimination case in which the plaintiff, Dennis Verhoff, prevailed on the issue of liability under the Family Medical Leave Act [FMLA], 29 U.S.C. § § 2601 et seq. The jury at his trial on the issue of damages returned a verdict in the amount of $56,617.50.

Plaintiff was a Service Technician for Time Warner until he was fired because he could not, pursuant to his doctor's orders, comply with the company's demand that he work from time to time more than forty hours per week. Plaintiff is afflicted with severe eczema and cannot tolerate excessive exposure to dirt or working more than that number of hours weekly.

Pending is plaintiff's motion for an award of equitable relief, prejudgment interest and liquidated damages. [Doc. 164].

For the reasons that follow, the motion shall be granted.

**Discussion**

**1. Equitable Relief**

Equitable relief is available under the FMLA: "Any employer who violates Section 105 shall be liable to any eligible employee affected . . . for such equitable relief as may be appropriate, including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(B). As the prevailing party in this suit, plaintiff is entitled to equitable relief under this provision.

More specifically, plaintiff's instant motion seeks reinstatement of his pension plan benefits as though he had remained continuously employed from the date he was fired, July 19, 2004, until his reinstatement on November 27, 2006. Had he not lost his job, he would have become vested in the pension plan during that period.

Section 2617(a)(1)(B) is a make-whole approach to remedying violations of the FMLA, and "The remedy is tailored to the harm suffered." *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002). In the context of a violation of Title VII, "provisions in Title VII stating that plaintiffs 'may recover' damages and 'appropriate' equitable relief 'refer to the trial judge's discretion in a particular case to order reinstatement and award damages in an amount warranted by the facts of that case.'" *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 292-93 (2002)

The Sixth Circuit has construed § 2617(a)(1)(B) expansively. *See, e.g.*, *Arban v. West Pub. Corp.*, 345 F.3d 390, 406 (6th Cir. 2006) (front pay and future damages, though not listed in the FMLA, can properly be awarded as an equitable remedy). As *Arban* makes clear, omission of a specific remedy from those recited in § 2617(a)(1)(E) is not a basis for withholding such remedy where providing it fulfills the make-whole purpose of that provision.

I agree with plaintiff that, if he is to be made whole, he should be reinstated to and vested in his pension plan with the defendant. *See Dushaw v. Roadway Exp., Inc.*, 816 F.Supp. 1229, 1238

2

(N.D. Ohio 1992), *rev'd on other grounds*, 66 F.3d 129 (6th Cir. 1995) (employee received credit for years of lost service.).

## 2. Prejudgment Interest

An employer who violates the FMLA is liable for "interest on the amount [of lost wages] calculated at the prevailing rate." 29 U.S.C. § 2617(a)(1)(A)(ii). Prejudgment interest is mandatory under this provision. *Killian v. Yorozu Automotive Tennessee, Inc.*, 454 F.3d 549, 558 (6th Cir. 2006) (noting trial court's obligation to calculate interest per § 2617(a)(1)(A)(ii) on award in favor the plaintiff); *Accord Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 869 (8th Cir. 2006).

I agree with the plaintiff that, as held in the lower court's decision in *Hite*, 361 F.Supp.2d 935, 949 (S.D. Iowa 2005), the prevailing rate on which interest is to be calculated is the state statutory rate. The Eighth Circuit affirmed this determination. *Hite, supra*,. 446 F.3d at 869-70; *see also  United Steelworkers of America v. Roemer Indus*., 68 F.Supp.2d 843, 849 (N.D. Ohio 1999)("As the appropriate rate of prejudgment interest is not addressed by any federal statute, the rate contained in the applicable state law is used.").

The General Assembly amended O.R.C. § 1343.03(A) effective June 2, 2004, so that the state interest rate is calculated by reference to rates annually determined by the Ohio Department of Taxation pursuant to O.R.C. § 5703.47. Pursuant to this procedure, the annual rate for 2004 was 4%; 2005 was 5%; 2006 was 6%; and 2007 was 8%.

The dispute in this case about an award of prejudgment interest relates to whether such interest should be awarded for a period for which the plaintiff already has received back pay. Such receipt occurred after the parties agreed on the eve of trial that plaintiff could be reinstated and his back wages from the date of termination to date of reinstatement would be paid to him.

3

The parties did not have an understanding as to whether plaintiff would be entitled to interest on that amount. Plaintiff claims he should; defendant contends he should not.

I believe that he should. Those were the only agreed terms; issues of damages and other relief, such as the equitable relief sought herein and attorneys' fees, remained for later trial and determination.

By putting the plaintiff back to work, the defendant cut off its risk of a larger back pay award; at the same time, it got services which it otherwise would not have received.

As a result of my determination prior to then that the defendant had violated the FMLA, the plaintiff was entitled to back pay [though the amount was indeterminate until the jury returned its verdict]. I can perceive no grounds in law – and certainly none whatsoever in equity – for depriving the plaintiff of interest to which my finding of liability otherwise entitled him simply because the defendant made an initial payment toward his then-as-yet-undetermined damages.

This accords with the general principle that, under a make-whole scheme, "Prejudgment interest ordinarily should apply to each year an employee lost the use of his/her wages." *EEOC v. Kentucky State Police Dept.*, 80 F.3d 1086, 1099 (6th Cir.1996).

Applying this principle and the above-recited rates, on the basis of an average, *see George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1300 (D. Fla. 2000), plaintiff has calculated the applicable rate as 5.75%. Total back pay was $72,250.74. The period covered by that award is 3.3 years. Multiplying $72,250.74 by 5.75% by 3.3 years results in an interest award of $13,709.59.

### 3. Liquidated Damages

Section§ 2617(a)(1)(A)(iii) of the FMLA provides that an employer which has violated the Act "shall be liable to any eligible employee affected . . . for damages equal to . . . an additional

amount as liquidated damages equal to the sum of the amount [of lost wages] and the interest[.]" I have previously held that the plaintiff is entitled to an award of liquidated damages. [Doc. 116].

The Court held in *Arban, supra*, 395 F.3d at 408 that

a district court may not exercise its discretionary authority to reduce or eliminate a liquidated damages award unless the employer first sustains its burden of proving that its 'failure to obey the statute was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon it more than a compensatory verdict.' (citation omitted).

Indeed, there is, in any event, a "strong presumption under the statute in favor of doubling." *Hite, supra*, 466 F.3d at 868-69 (quoting *Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir.1998)); *see also Smith v. Diffee Ford-Lincoln-Mercury, Inc*., 298 F.3d 955, 964 (10th Cir. 2002) (citation omitted) ("Adding such liquidated damages to the awards of back pay and prejudgment interest 'effectively doubles the size of the award.'").

I conclude, accordingly, that plaintiff's back pay and prejudgment interest must be doubled.

That resulting amount is $171,920.66 ($72,250.74 back pay + $13,709.59 pre-judgment interest x 2).

**Conclusion**

In light of the foregoing, it is

ORDERED THAT plaintiff's motion for an award of equitable relief, prejudgment interest and liquidated damages be, and the same hereby is granted, so that:

1. The defendant shall reinstate the plaintiff to his pension rights, and deem him vested, as ordered herein;

2. Judgment be, and the same hereby is entered in favor of the plaintiff and against the defendant in the amount of $171,920.66.

The Clerk shall prepare an entry of judgment accordingly.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
