IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Dennis Verhoff,                                             Case No. 3:05CV7277

                     Plaintiff

      v.                                                   ORDER

Time Warner Cable, Inc.,

                     Defendant

This is an employment discrimination case in which the plaintiff, Dennis Verhoff, claimed that his former employer, Time Warner Cable [Time Warner] terminated him in violation of the Family Medical Leave Act [FMLA], 29 U.S.C. § 2601. A jury returned a verdict in Verhoff's favor and issued a judgment against Time Warner for $171,920.66.

Pending are Verhoff's Motion to Set a Supersedeas Bond for the amount of the judgement plus the costs of fees ($300,000) and Time Warner's Motion to Stay the Judgement's Execution Pending Appeal Without Bond.

For the reasons that follow, Verhoff's motion shall be granted and Time Warner's motion shall be denied.

**Background**

Time Warner is a Connecticut-based cable television provider. According to its 2006 annual report,  Time Warner reported over $2.1 billion in operating income, a twenty-two percent increase from 2005. On July 31, 2006, Time Warner completed purchase of Adelphia Communications

1

Corporation [Adelphia]. Shortly thereafter, "Time Warner began consolidating the results of the acquired systems." [Doc. 202-2]. The report listed the transferred systems as discontinued operations and did not take them into consideration when calculating Time Warner's operating income for the year. [Doc. 202-2]. In January, 2007, Adelphia's Chapter 11 Reorganization Plan under the Bankruptcy Act was approved and it began to repay a portion of its liabilities.

Verhoff worked for Time Warner as a Service Technician, troubleshooting and repairing subscribers' problems with their cable service. Verhoff is afflicted with severe eczema, which is often uncomfortable and frequently affects his tolerance to dirt and ability to rest.

The company had informally accommodated Verhoff by permitting him to work only during conventional business hours. Following a change in supervisors, Time Warner informed Verhoff that he had to work overtime. Because Verhoff was not able to do so, the company fired him.

Approximately one year after his termination, Verhoff filed an application for Social Security Disability Insurance (SSDI) benefits claiming that as of April 26, 2004, he was totally disabled and unable to work because of his eczema. He was awarded benefits. At a settlement conference before trial, Time Warner agreed to reinstate Verhoff and pay back pay from May 5, 2004 [the start date for his unpaid FMLA leave] until the start date [October 1, 2004] of his SSDI benefits.

The issue at trial and which the jury decided in Verhoff's favor was whether Verhoff was entitled to back pay from the date his SSDI benefits began until he resumed work on November 27, 2006, under the reinstatement agreement between the parties.

After judgment was issued against Time Warner, Verhoff and Time Warner filed the respective motions before the court today.

**Discussion**

2

## 1. Whether a Bond Is Required

Rule 62(d) of the Federal Rules of Civil Procedure states that "[w]hen an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay [of proceedings to enforce the judgment]." Fed. R. Civ. P. 62(d). Accordingly, where a bond is required, "an appellant is entitled to a stay pending appeal as a matter of right." *Barrett v. Detroit Heading, LLC*, 2007 WL 2649714, *1 (E.D. Mich.). In *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003), however, the Sixth Circuit held that this "rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right[;] it does not speak to stays granted by the court in accordance with its discretion."

While the Sixth Circuit has not definitively clarified what factors are to guide the court's discretion, numerous district courts, including this one, have held that "a full supersedeas bond should almost always be required" and should only be excused where the appellant has demonstrated the existence of extraordinary circumstances. *Bowman v. PHP Companies, Inc.*, 2007 WL 1577683, *1 (E.D. Tenn.); *Appalachian Regional Healthcare, Inc. v. Kentucky Nurses Association*, 2007 WL 38344, *1 (E.D. Ky.); *U.S. ex rel. Gonter v. General Dynamics Marine Systems Div. Elec. Boat*, 2006 WL 3783140, *3 (N.D. Ohio); *Vaughan v. Memphis Health Center, Inc.*, 2006 WL 2038577, *1 (W.D. Tenn.); *EB-Bran Productions, Inc., v. Warner Elektra Atlantic, Inc.*, 2006 WL 1851010, *2 (E.D. Mich.).

Similarly, while in *Arban*, the Sixth Circuit held that the district court did not abuse its discretion in denying a request for bond where appellant was plainly able to satisfy the judgment based on its annual earnings, subsequent district court decisions, including those from this district, have emphasized that this is only one of the factors a court may consider. As stated in *Gonter, supra,*

3

2006 WL 3783140, *3, where the court required a supersedeas bond, despite appellant's plain ability to pay:

> It does not follow that courts must grant an unsecured stay when the movant clearly can pay the judgment. To so conclude would obliterate Rule 62(d)'s dual protection functions; Rule 62(d) establishes the appellant's right to a stay but also the appellee's right to have a bond posted securing the stay. . . The holding in *Arban* does not mandate that a wealthy movant is entitled to an unsecured stay, only that a movant's financial stability is one element a district court may consider in deciding whether to grant an unsecured stay.

*See also Appalachian Regional Health Care*, *supra,* 2007 WL 38344, *2 (requiring a bond even "[t]hough [appellant] has demonstrated that it will likely be able to pay the judgment"); *EB-Brand Productions*, *supra,* 2006 WL 1851010, *3 ("losing parties will always have sufficient funds to pay the award, but if this fact were enough to waive the bond requirement, the bond requirement would essentially be a nullity."). *But see Love v. Shelby County Sheriff's Dep't.*, 2006 WL 1745054, *1 (W.D. Tenn.) (rejecting request for bond because appellant's revenue greatly exceeded amount of judgement).

Among those additional factors courts have considered are: 1) the protection offered by the bond to the prevailing party below; 2) whether posting the bond would pose an undue financial burden on the appellant; 3) the risk that appellee's interests may be irreparably harmed; and 4) the burden on the appellee to enforce his/her judgment in a foreign jurisdiction. *Hamlin v. Charter Tp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998) ("The supersedeas bond protects the non-appealing party 'from the risk of a later uncollectible judgment' and also 'provides compensation for those injuries [that] can be said to be the natural and proximate result of the stay.'") (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir.1988)); *Kreissl v. Mannington Mills, Inc.*, 1987 U.S. Dist. LEXIS 15732 (E.D. Mich.) (considering factor b); *Linc Acquisition One, LLC v. Valentine*, 2006 U.S. Dist. LEXIS 63931 (S.D. Ohio) (considering factors c and d).

While Time Warner will likely be able to satisfy the judgment, I, in exercising my discretion, require that it post a bond based on a balance of the other factors. As discussed above, that Time

4

Warner can pay the judgment does not conclusively determine that they are exempt from having to file a bond. The first and second factors listed above are particularly relevant to my conclusion. Time Warner's posting of the bond would shift any risk that Time Warner may suffer a financial setback as a result of its acquisition of a company going through Chapter 11 bankruptcy reorganization from Verhoff to Time Warner. Likewise, considering that Time Warner earned over $2.1 billion in revenue last year, a $300,000 bond would pose little financial burden. Finally, Time Warner has not presented any evidence demonstrating the type of extraordinary circumstances that would excuse posting the bond.

## 2. The Amount of the Bond

Courts generally require that the amount of the bond include the full amount owed under the award, post-judgment interest, attorney's fees and costs. *See Hoge v. Honda of America*, 2003 WL 1338227 (S.D. Ohio) (bond included judgement amount, damages, costs and attorneys fees incurred at the trial level); *FDIC v. Wysong*, 1988 U.S. Dist. LEXIS 18136, *4 (W.D. Mich.) ("the defendant must post a bond equal to the full amount of the judgment, costs on appeal, interest and damages for delay"); *See also, Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (citing additional supporting cases).

Verhoff's request for a supersedeas bond in the amount of $300,000 is appropriate. As mentioned, the court issued a judgment against Time Warner for $171,920.66. In addition, Verhoff filed a motion seeking attorney's fees in excess of $163,000 and costs in excess of $5,000. While Time Warner does not contest the amount of the bond requested, Time Warner did challenge the amount of fees Verhoff requested in their earlier motion in opposition to attorney's fees. Nonetheless, even if Verhoff's request for attorney's fees was reduced by $40,000, Time Warner

5

would still owe Verhoff almost $300,000. This is not to mention that Time Warner will also owe

Verhoff interest that will accrue on the initial judgement.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

1. Plaintiff's motion to set a supersedeas bond in the amount of $300,000 shall be, and the

same hereby is granted; and

2. Defendant's motion to stay execution of the judgment without bond shall be, and the same

hereby is denied.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
